

**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OCT 2 7 2009
Oct 27 2009
JUDGE REBECCA R. PALLMEYER
UNITED STATES DISTRICT COURT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | Case No. 08 CR 726 |
| | ) | |
| v. | ) | Hon. Judge Rebecca R. Pallmeyer |
| | ) | |
| MANUEL ESTRADA MORENO, | ) | |
| Defendant. | ) | |

## DEFENDANT MANUEL ESTRADA MORENO'S PLEA DECLARATION

The defendant, MANUEL ESTRADA MORENO, after consultation with his attorney, ROSS M. EAGLE, acknowledges and states the following:

## Charges in This Case

1.     The indictment in this case charges Mr. Estrada Moreno with conspiring with others to (a) unlawfully produce identification documents, authentication features, and false identification documents, in violation of Title 18, United States Code, Section 1028(a)(1); and (b) forge, counterfeit, alter, and falsely make any immigrant and nonimmigrant visa, permit, and other document prescribed by statute and regulation for entry into and as evidence of authorized stay or employment in the United States, in violation of Title 18, United States Code, Section 1546(a), all in violation of Title 18, United States Code, Section 371 (Count One); and unlawfully producing identification documents, authentication features, and false identification documents, in violation of Title 18, United States Code, Sections 1028(a)(1) and 2 (Count Three).

2.     Mr. Estrada Moreno has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

3. Mr. Estrada Moreno fully understands the nature and elements of the crimes with which he has been charged.

### Charge to Which Mr. Estrada Moreno is Pleading Guilty

4. By this Plea Declaration, defendant agrees to enter a voluntary plea of guilty to Counts One and Three of the indictment. Count One charges defendant with conspiring with others to (a) unlawfully produce identification documents, authentication features, and false identification documents, in violation of Title 18, United States Code, Section 1028(a)(1); and (b) forge, counterfeit, alter, and falsely make any immigrant and nonimmigrant visa, permit, and other document prescribed by statute and regulation for entry into and as evidence of authorized stay or employment in the United States, in violation of Title 18, United States Code, Section 1546(a), all in violation of Title 18, United States Code, Section 371. Count Three charges defendant with unlawfully producing identification documents, authentication features, and false identification documents, in violation of Title 18, United States Code, Sections 1028(a)(1) and 2.

### Factual Basis

5. Mr. Estrada Moreno will plead guilty because he is in fact guilty of the charges contained in Counts One and Three of the indictment. In pleading guilty, he admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

a. As to Counts One and Three, beginning in or about at least 2006 and continuing to on or about September 18, 2008, at Chicago, in the Northern District of Illinois and elsewhere, defendant herein, and others, known and unknown, to: (a)

2

unlawfully produce identification documents, authentication features, and false

identification documents, in violation of Title 18, United States Code, Section 1028(a)(1);

and (b) forge, counterfeit, alter, and falsely make any immigrant and nonimmigrant visa,

permit, and other document prescribed by statute and regulation for entry into and as

evidence of authorized stay or employment in the United States, in violation of Title 18,

United States Code, Section 1546(a); all in violation of Title 18, United States Code,

Section 371. Mr. Estrada Moreno maintains that he was not part of the conspiracy for the

entire duration alleged.

Mr. Estrada Moreno was involved, with others, in the sale of fraudulent

identification documents such as "green cards," driver's licenses, social security cards,

and other purportedly government issued documents.

From at least 2006 continuing to September 18, 2008, Mr. Estrada Moreno was a

part of a layered conspiracy, which involved "miqueros" in the ~~area of St. Louis and 26~~th

~~Street~~ who took orders from customers seeking fraudulent identification documents.

These miqueros would then relay this information to Mr. Estrada Moreno, who would

direct other individuals to manufacture these documents and then provide the complete

documents to the miquero to give to the customer. The miqueros would tell customers the

cost of the identity documents and the location of the photography shop for the customer

to get photos for the identification documents. The miqueros conveyed to Mr. Estrada

Moreno what kind of document the customer sought – driver's license, social security

card, green card, etc. The miquero would also give Mr. Estrada Moreno whatever date of

3

birth, social security number, name, height, weight, etc., that the customer wanted on the document. The documents were normally sold in "sets" which consisted of a Social Security Card and either a green card or driver's license. Mr. Estrada Moreno and/or the miqueros would negotiate a price for the documents and usually charged customers $60-$70.        Specifically, on May 20, 2007, Mr. Estrada Moreno was working to produce fraudulent identification documents from orders miqueros brought to him. At approximately 5:20 p.m. that day, he spoke on the phone with a miquero, Claudia Lara. She said, "The blue one came out really bad." Mr. Estrada Moreno understood that she was referring to the quality of a fraudulent document Mr. Estrada Moreno had produced for her. Mr. Estrada Moreno promised to fix it for her. Later that day, Mr. Estrada Moreno caused another fraudulent identification document to be produced and provided it to Ms. Lara.

## Maximum Statutory Penalties

6.        Mr. Estrada Moreno understands that the charges to which he is pleading guilty carry the following statutory penalties:

        a.        As to Count One, a maximum sentence of 5 years' imprisonment. This offense also carries a maximum fine of $250,000. Mr. Estrada Moreno further understands that the judge also may impose a term of supervised release of not more than three years.

4

b.     Count Three carries a maximum sentence of 15 years' imprisonment. Count Three also carries a maximum fine of $250,000. Defendant further understands that with respect to Count Three, the judge also may impose a term of supervised release of not more than three years.

c.     In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty imposed.

d.     Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is 20 years' imprisonment. In addition, defendant is subject to a total maximum fine of $500,000, a period of supervised release, and special assessments totaling $200.

## Sentencing Guidelines Calculations

7.     Mr. Estrada Moreno understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Mr. Estrada Moreno understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

8.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.     **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2008 Guidelines Manual.

5

b.    **Offense Level Calculations.**

i.    The base offense level for the offenses of conviction is 11, pursuant to Guideline §2L2.1(a);

ii.    Because the offenses involved over 100 or more documents or passports, the base offense level is increased by nine levels, pursuant to Guideline 2L2.1(b)(2)(c);

iii.    Mr. Estrada Moreno has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if Mr. Estrada Moreno continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

iv.    In accord with Guideline §3E1.1(b), Mr. Estrada Moreno has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that Mr. Estrada

6

Moreno is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

        c.    **Criminal History Category.** With regard to determining Mr. Estrada Moreno's criminal history points and criminal history category, based on the facts now known to the government, Mr. Estrada Moreno's criminal history points equal zero and Mr. Estrada Moreno's criminal history category is I:

        i.    On or about January 15, 1999, in Cook County, Illinois, Mr. Estrada Moreno was convicted of soliciting unlawful business and disorderly conduct and sentenced to one year of court supervision. Pursuant to Guideline 4A1.2(a)(1), no points are assessed because this sentence was for conduct which was part of the instant offense.

9.      Mr. Estrada Moreno reserves the right to request a downward departure or variance on any ground he deems appropriate. He also understands that the Court may or may not decide to grant any particular requested departure or variance.

10.     Mr. Estrada Moreno understands that the probation office and the government will conduct their own investigations and the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculations.

11.     Errors in calculations or interpretations of any guidelines or laws may be corrected or amended by the Mr. Estrada Moreno prior to sentencing. He may correct these errors or misinterpretations by a statement to the probation office and/or Court setting forth the disagreement as to the correct guidelines or laws and their application.

## **Wavier of Rights**

12.     Mr. Estrada Moreno understands that by pleading guilty he surrenders certain rights, including the following:

a.     If Mr. Estrada Moreno persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. Mr. Estrada Moreno has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Mr. Estrada Moreno, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

b.     If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Mr. Estrada Moreno and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Mr. Estrada Moreno is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of the Mr. Estrada Moreno's guilt beyond a reasonable doubt.

d.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against Mr. Estrada Moreno. Mr. Estrada Moreno would be able to cross-examine them. In turn, Mr. Estrada Moreno could present witnesses

and other evidence in his own behalf. If the witness for the Mr. Estrada Moreno would not appear voluntarily, he could require their attendance through the subpoena power of the court.

e.     At a trial, Mr. Estrada Moreno would have the privilege against self-incrimination so that he could decline to testify, and no interference of guilt could be drawn from his refusal to testify. If Mr. Estrada Moreno desired to do so, he could testify in his own behalf.

13.     Mr. Estrada Moreno understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. By pleading guilty, Mr. Estrada Moreno admits he is guilty and agrees that he should be found guilty. Mr. Estrada Moreno has explained those rights to him, and the consequences of the waiver of those rights. He further understands that he is waiving his right to appeal any issues that might have been available if he exercised his right to trial. Mr. Estrada Moreno retains all appellate and collateral rights concerning the validity of his plea and/or sentence.

14.     Mr. Estrada Moreno understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Estrada Moreno further understands that he will be able to file a Sentencing Memorandum outlining his position and mitigation. He will also be able to present evidence in mitigation at the time of sentencing.

15.     Mr. Estrada Moreno understands that the sentencing guidelines are no longer mandatory, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C.

§3553(a) may result in a sentence either within, great, or less than the applicable sentencing guideline range. Mr. Estrada Moreno understands that the applicable sentencing guideline range is but one factor, which this Court is, required to take into consideration under 18 U.S.C. §3553(a)(4), along with the other required factors under §3553(a).

16.      Should this Court refuse to accept Mr. Estrada Moreno's plea of guilty, this Plea Declaration shall become null and void and Mr. Estrada Moreno will not be bound thereto. It is the Mr. Estrada Moreno's position that, should the Court decline to accept his plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings pursuant to Federal Rule Of Criminal Procedure 11(f) and Federal Rule of Evidence 410.

17.      Mr. Estrada Moreno understands that at the time of sentencing, the government and the Mr. Estrada Moreno will be free to make their respective recommendations to the Court as they believe are lawful and appropriate.

18.      Mr. Estrada Moreno agrees that this Plea Declaration shall be filed and become part of the record of the case.

19.      Mr. Estrada Moreno and his attorney acknowledge, no threats, promises or representations have been made, not agreements reached to induce him to plead guilty.

20.      Mr. Estrada Moreno further acknowledges that he has carefully reviewed each

provision of this Plea Declaration with his attorney.

_Manuel Estrada_
MANUEL ESTRADA MORENO
Defendant

Dated:  October 27, 2009

ROSS M. EAGLE
Attorney for Defendant

Jester & Eagle
4050 North Lincoln Ave.
Chicago, Illinois 60618
312-435-9901

11